IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

QUADARIUS JERMAINE MCINTOSH, )
)
Petitioner, )
)
v. ) 1:26CV415
)
UNITED STATES BUREAU OF PRISONS, )
)
Respondent. )

ORDER AND RECOMMENDATION

Petitioner, a federal prisoner, submitted what the Court treated as a Petition under 28 U.S.C. § 2241 in which he seeks to have the Court apply pretrial jail credit to his current sentence. The Court does not determine sentencing credit. Instead, the United States Supreme Court has held that the Attorney General, through the United States Bureau of Prisons, is responsible in the first instance for computing the credit under 18 U.S.C. § 3585(b). See United States v. Wilson, 503 U.S. 329, 334-35 (1992). Therefore, a defendant raising claims under § 3585(b) must first exhaust his administrative remedies with the Bureau of Prisons and may then seek judicial review under 28 U.S.C. § 2241 in the district where he is confined. See id.; see also United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989); United States v. Harbison, 148 Fed. Appx. 187 (4th Cir. 2005); U.S. v. Burcham, 91 Fed. Appx. 820, 823 n.2 (4th Cir. 2004). As explained by the Supreme Court:

> [T]he Bureau of Prisons . . . ultimately has to determine how long the District Court's sentence authorizes it to continue [the defendant's]

confinement. [The defendant] is free to urge the Bureau to credit his time served in state court based on the District Court's judgment that the federal sentence run concurrently with the state sentence for the new drug charges. If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program. See 28 CFR § 542.10 et seq. (2011). And if that does not work, he may seek a writ of habeas corpus. See 28 U.S.C. § 2241.

Setser v. United States, 566 U.S. 231, 244 (2012); see also Wilson, 503 U.S. at 334-35 ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. . . . Federal regulations have afforded prisoners administrative review of the computation of their credits . . . and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies.").

Here, Petitioner did not submit an *in forma pauperis* application, pay the applicable filing fee, or use the proper form for his Petition. The Petition can be dismissed without prejudice for these reasons. Moreover, the Court notes that Petitioner is incarcerated at USP Florence located in the District of Colorado. Therefore, Petitioner's request should be dismissed without prejudice to him presenting his request to the Bureau of Prisons and then seeking judicial review under 28 U.S.C. § 2241 in the district where he is confined. He may request the § 2241 forms from the Clerk's Office in that district. The address for the Clerk is: Alfred A. Arraj United States Courthouse, Room A105, 901 19th Street, Denver, CO 80294-3589.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation of dismissal without prejudice to filing a new petition in the proper district after exhausting any available administrative remedies.

2

Petitioner also requests copies of his plea agreement, the factual basis supporting his plea agreement, and his Presentence Report. The Presentence Report is a sealed document and prisoners are not ordinarily allowed copies of those reports. As for the other documents, it is not clear whether or not Petitioner intends to pay the copying fee for those documents. The Clerk will send Petitioner a copy of the Court's policy concerning the fees for copies of documents. If Petitioner intends to seek free copies of the documents, Petitioner must first exhaust other means of access, specifically by requesting a copy of those documents from his prior court-appointed counsel. If Petitioner cannot obtain the documents from his former counsel, then under 28 U.S.C. § 2250 the Court may direct the Clerk to provide copies of documents or parts of the record at Court expense, but Petitioner must demonstrate a particularized need in relation to claims he seeks to raise. See 28 U.S.C. § 2250; United States v. Harris, Crim. No. 06-20131-01-KHV, 2010 WL 604183, at *1 (D. Kan. Feb. 17, 2010) (unpublished) (citing § 2250 as authority for denial of generalized request for transcripts); Cassidy v. United States, 304 F. Supp. 864, 867 (W.D. Mo. 1969) (applying § 2250 to a motion under § 2255). At this time, Petitioner does not state whether or not he sought the documents from counsel or why he needs the documents. Therefore, his request for documents is denied without prejudice to him filing a proper motion seeking those documents if he cannot obtain them from his former attorney and can show a particularized need for them.

3

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Petitioner's request for documents is denied without prejudice to him filing a proper motion seeking copies of documents if he is unable to obtain them from prior appointed counsel and can set out a sufficient need for the documents.

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Petitioner filing in the proper district after exhausting any available administrative remedies.

This, the 11th day of May, 2026.

/s/ L. Patrick Auld

**L. Patrick Auld**
**United States Magistrate Judge**

4